1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

GABRIEL ECKARD,

9

Plaintiff,

CASE NO. C19-0879-RAJ-MAT

10

v.

11

TY TRENARY, *et al*.,

REPORT AND RECOMMENDATION

12

Defendants.

13

14

INTRODUCTION AND SUMMARY CONCLUSION

15

Plaintiff Gabriel Eckard, proceeding *pro se* and *in forma pauperis*, has submitted to this

16

Court for filing a civil rights complaint under 42 U.S.C. § 1983.  Plaintiff is a pretrial detainee at

17

the Snohomish County Jail ("the Jail").  He alleges in his complaint that the Jail policy and practice

18

which permits him to shower only three days per week violates his constitutional rights.  (*See* Dkt.

19

1-1.)  Plaintiff identifies Snohomish County Sheriff Ty Trenary and Snohomish County

20

Corrections Bureau Chief Anthony Aston as defendants in this action.  (*Id*.)  He seeks declaratory

21

and injunctive relief, and damages.  (*Id*.)

22

The Court is required to screen complaints filed by prisoners or detainees under 28 U.S.C.

23

§ 1915A(a), and must "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous,

REPORT AND RECOMMENDATION
PAGE - 1

malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief," 28 U.S.C. § 1915A(b).  This Court, having reviewed plaintiff's proposed complaint, recommends that this matter be dismissed as plaintiff has failed to state any claim upon which relief may be granted under § 1983.

<u>DISCUSSION</u>

To sustain a § 1983 claim, plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  Plaintiff asserts that since being booked into the Jail in September 2018, he has been housed in both the disciplinary segregation unit and the observation unit and that while housed in those units it has been the practice of Jail employees to give him an opportunity to shower only three days per week.  (Dkt. 1-1 at 2.)  Plaintiff asserts that permitting him to shower only three times a week is unreasonable, is an exaggerated response to perceived security needs, and constitutes impermissible punishment prior to an adjudication of guilt in violation of his rights under the Fourteenth Amendment.  (*Id*. at 3.)

As a pretrial detainee, plaintiff has the right to be free from punishment under the Fourteenth Amendment.  *Bell v. Wolfish*, 441 U.S. 520, 533 (1979).  In assessing conditions of confinement for pretrial detainees, the Court considers whether the conditions amount to punishment, causing harm or disability significantly exceeding or independent of the inherent discomforts of confinement, or whether they merely result from some legitimate governmental purpose.  *See Doe v. Kelly*, 878 F.3d 710, 714, 720 (9th Cir. 2017).  The Court evaluates a pretrial detainee's Fourteenth Amendment claim under an objective deliberate indifference standard.  *See Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (applying objective standard

REPORT AND RECOMMENDATION
PAGE - 2

to medical care claims and describing similar treatment afforded medical care and other conditions of confinement claims) (citing *Kingsley v. Hendrickson*, ___ U.S. ___, 135 S. Ct. 2466, 2475, 192 L. Ed. 2d 416 (2015), and *Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 831, 97 L. Ed. 2d 69 (2017)).[1]   A pretrial detainee must demonstrate a defendant's acts or omissions were objectively unreasonable, and identify objective facts indicating the "challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that [objective]." *Kingsley*, 135 S. Ct. at 2473-74.

An institution must provide prisoners and pretrial detainees "adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996), *overruled on other grounds in Marley v. United States*, 548 F.3d 1286 (9th Cir. 2008).   While a severe or prolonged lack of sanitation could amount to a constitutional violation, *see Anderson v. County of Kern*, 45 F.3d 1310, 1314, *as amended*, 75 F.3d 448 (9th Cir. 1995), not every deprivation or poor condition of confinement rises to that level.

Plaintiff apparently believes that he must be permitted to shower every day in order to comport with the constitutional mandate that prisoners be provided adequate hygiene.   (*See* Dkt.

---

[1] Previously, "all conditions of confinement claims, including claims for inadequate medical care, were analyzed under a subjective deliberate indifference standard whether brought by a convicted prisoner under the Eighth Amendment or pretrial detainee under the Fourteenth Amendment." *Gordon*, 888 F.3d at 1122-23 (citing *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1242-43 (9th Cir. 2010)).   Although the Ninth Circuit has not expressly extended the objective deliberate indifference standard to all pretrial detainee conditions of confinement claims beyond a denial of medical care, failure-to-protect, and excessive force claims, the decision in *Gordon* strongly suggests it will do so.   *See Gordon*, 888 F.3d at 1120, 1124, and 1124 n.2 (citing *Darnell v. Pineiro*, 849 F.3d 17, 36 (2d Cir. 2017) (extending objective deliberate indifference standard to all pretrial detainee conditions of confinement claims)).

REPORT AND RECOMMENDATION
PAGE - 3

1-2 at 2-3.)  However, the Ninth Circuit has never held that daily showers are required for inmates, and it has apparently made no definitive statement on the number of showers that must be allowed by correctional authorities in order to pass constitutional muster.  *See Van Nort v. Fair*, 2012 WL 1106922, at * 7–8 (D. Nev. Feb. 2, 2012) (District Court adopted as to conditions of confinement claim and declined to adopt on other claims).  Notably, the Seventh Circuit weighed in on this issue in *Davenport v. DeRobertis*, 844 F.2d 1310 (7th Cir. 1988), where it rejected a provision in an injunction requiring prisoners be afforded three showers per week.  The Seventh Circuit explained its reasoning as follows:

> No doubt Americans take the most showers per capita of any people in the history of the world, but many millions of Americans take fewer than three showers (or baths) a week without endangering their physical or mental health, and abroad people as civilized and healthy as Americans take many fewer showers on average, as every tourist knows ... The importance of the daily shower to the average American is cultural rather than hygienic[.]

*Id*. at 1316.

The fact that plaintiff is limited to three showers per week is simply not a sufficiently serious deprivation to implicate federal constitutional concerns.  There is also an absence of objective facts indicating the limitation on showers lacked a rational relationship to a legitimate governmental objective or was excessive in relation to that objective.  *Kingsley*, 135 S. Ct. at 2473-74.  "[M]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees."  *Bell*, 441 U.S. at 546.  Corrections administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."  *Id*. at 547.

REPORT AND RECOMMENDATION
PAGE - 4

Plaintiff impliedly acknowledges in his complaint that the limitation on the number of showers he is allowed each week is related to security concerns, he simply believes that the limitation is "an exaggerated and excessive response" to those concerns. (Dkt. 1-1 at 3.) He also appears to suggest that it would not be difficult for corrections staff to provide him additional showers because of the proximity of his cell to the shower room, and the fact that only one other inmate needs to use that shower. (*Id.* at 2-3.) However, this simplistic view does not take into account the full range of security and management concerns corrections officials must consider in establishing policies that govern not just one inmate, but hundreds of inmates and the facility as a whole.

Plaintiff's complaint makes clear that he has been housed in what are obviously higher security units within the jail which restrict the amount of time plaintiff is permitted to be out of his cell. An attachment to plaintiff's complaint, in the form of a grievance raising plaintiff's concerns regarding the limitation on showers, shows that plaintiff is permitted to shower at the times he is otherwise permitted out of his cell, either for regular time out or for recreation time. (Dkt. 1-2 at 2.) Restricting the amount of time a high security prisoner is permitted to be out of his cell is clearly related to legitimate penological objectives. According defendants the deference they are due in establishing policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security, this Court must conclude that plaintiff has not established any violation of his constitutional right arising out of the policy limiting him to three showers per week.

Where a *pro se* litigant's complaint fails to state a claim upon which relief may be granted, the Court generally grants the opportunity to amend the complaint. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). However, the Court may deny leave to amend if "it is absolutely

REPORT AND RECOMMENDATION
PAGE - 5

clear that no amendment can cure the defect." *Id.* It does not appear plaintiff will be able to cure the defects in his complaint by amendment and this Court therefore concludes that plaintiff should not be granted leave to amend. If, however, plaintiff believes he can cure the noted defects by amendment, he may submit an amended complaint with his objections, if any, to this Report and Recommendation.

CONCLUSION

Based on the foregoing, this Court recommends that plaintiff's proposed complaint (Dkt. 1-1) be dismissed with prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). The Court further recommends that this dismissal be counted as a strike under 28 U.S.C. § 1915(g). A proposed Order accompanies this Report and Recommendation.

OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 9, 2019**.

DATED this 18th day of July, 2019.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 6